UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYSON P THROW et al.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>ALEJANDRO MAYORKAS et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:22-cv-05699-DGE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 9) |

## I    INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 9). For the reasons discussed herein, the Court GRANTS Defendants' motion to dismiss and DISMISSES this case with prejudice.

## II    BACKGROUND

Plaintiffs Tyson P. Throw and his stepdaughter K.M.M. bring suit against Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services (together "USCIS"),

Anthony Blinken, Secretary of the United States Department of State, and Peggy Petrovich, Director of the National Visa Center (together "the State Department") challenging the prolonged delay in processing K.M.M.'s immigrant visa.

Mr. Throw is an American citizen who married Chary Throw, a native of the Philippines. (Dkt No. 1 at 1.)  In 2018, Mr. Throw filed I-130 petitions petition for both his wife and her minor daughter, K.M.M., to join him in the United States in 2018. (*Id.* at 5.)  Mrs. Throw's petition was approved and she was able to immigrate to the United States in March 2021. (*Id.*)  Mr. Throw filed K.M.M.'s initial petition on July 10, 2018. (*Id.* at 4.)  K.M.M.'s initial I-130 petition was denied on June 19, 2019. (Dkt. No. 12-1 at 4.)  Mr. Throw file a motion to reopen the denied form, which was mistakenly forwarded to the National Visa Center ("NVC") in October 2019 and then returned to the Texas Service Center ("TSC") of USCIS in December 2019. (*Id.*)  Mr. Throw filed a second I-130 petition in December 2021. (Dkt. No. 1 at 5.)  In October 2022, the TSC reopened and approved the first I-130 petition and sent it to the NVC the following month. (Dkt. No. 12-1 at 4.)  The TSC also approved the second I-130 petition in November 2022 and sent the petition to the NVC that same month. (*Id.* at 5.)  The parties agree that K.M.M. did not become documentarily qualified for a consular interview (the next step in her visa application process) until mid-January 2023. (*See* Dkt. Nos. 10 at 2; 13 at 5.)

Plaintiffs filed suit on September 19, 2022, seeking a writ of mandamus against USCIS and the State Department to process K.M.M.'s visa application and asking the Court to find that the agencies violated immigration law and the Administrative Procedure Act ("APA"). (Dkt. No. 1 at 10.)  Plaintiffs seek a court order requiring Defendants "to process Ms. K.M.M.'s first petition or approve her second petition and schedule her for her immigrant visa interview." (*Id.*)  The Court twice issued orders holding the case in abeyance on the promise that the parties were

working to resolve underlying issues in the litigation.  (Dkt. Nos. 6, 8.)  On February 27, 2023, the Defendants filed their motion to dismiss the current case for lack of subject matter jurisdiction and for failure to state a claim.  (Dkt. No. 9.)  Plaintiffs filed their reply in opposition to the motion on March 16, 2023 (Dkt. No. 13) and Defendants filed a timely reply (Dkt. No. 14).

### III   DISCUSSION

**A.  Legal Standard**

Defendants USCIS and the State Department move to dismiss Plaintiffs' claims for mandamus and declaratory relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal courts are courts of limited jurisdiction and may only hear actual "Cases" and "Controversies."  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016).  A party may challenge the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039).  A factual attack challenges the veracity of the plaintiff's allegations and the plaintiff is required to support her jurisdictional allegations with evidence "under the same evidentiary standard that governs in the summary judgment context."  *See Leite*, 749 F.3d at 1121.  Defendants here bring a factual attack on this Court's jurisdiction by arguing that Plaintiffs' claims against USCIS are moot (Dkt. No. 9 at 6) and the Court may therefore weigh extrinsic evidence introduced by the parties on this claim without converting the motion into a motion for summary judgment.

Defendants also argue Plaintiffs have failed to state a claim upon which relief can be granted as against the State Department. (*Id.*)  "Under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *Nw. Env't Advocs. v. U.S. Dep't of Com.*, 283 F. Supp. 3d 982, 990 (W.D. Wash. 2017).  "Dismissal for failure to state a claim is appropriate only 'if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Vasquez v. Los Angeles ("LA") Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).

### B.  Plaintiffs' Claims Against USCIS Are Moot

The Court agrees with Defendants, and Plaintiffs appear to concede (*see* Dkt. No. 13 at 3), that Plaintiffs' claims against USCIS are moot.

As part of the Article III limitation on federal judicial power, federal courts lack "jurisdiction to hear moot" claims. *Koppers Indus., Inc. v. U.S. E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990).  Claims "become[] moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome' of the litigation." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Where an agency has already provided the specific relief requested by a plaintiff, a claim for a writ of mandamus is moot. *See Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506, 507 (9th Cir. 2017) (holding claims for mandamus requesting USCIS adjudicate applications for naturalization moot because USCIS had adjudicated the claimant's application).

Plaintiffs have requested the Court "order Respondents to immediately carry out their proscribed duty of locating the first petition or approving the second petition and thereafter scheduling K.M.M.'s immigrant interview in the Philippines so that she may finally travel to the

United States and be reunited with her mother and stepfather." (Dkt. No. 1 at 3.) USCIS asserts it has approved K.M.M's second I-130 form and sent it to the NVC. (Dkt. No. 12-1 at 3.) Accordingly, USCIS has completed its statutory responsibilities and has no further role in the visa approval process. *See Tekle v. Blinken*, No. 21-CV-1655 (APM), 2022 WL 1288437, at *2 (D.D.C. Apr. 29, 2022) (noting that USCIS "no longer ha[s] any role in visa processing" once it has approved initial I-130 forms).

Given that the USCIS may not provide any further relief to Plaintiffs, the Court finds Plaintiffs' claims against USCIS are moot and the Court does not have jurisdiction over them.

### C. Mandamus Relief is Not Warranted

The Court also agrees Plaintiffs' request for a writ of mandamus to compel the State Department to immediately schedule K.M.M.'s interview should be denied.

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and" there is no other "adequate remedy" to address the claim. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Plaintiffs do not appear to contest the State Department's claim that it does not have a nondiscretionary, ministerial duty to schedule K.M.M.'s interview. (*See generally* Dkt. No. 13.) And the Court can find no statutory or regulatory obligation requiring the State Department to schedule a consular interview by a date certain. *See, e.g.*, *Tekle*, 2022 WL 1288437, at *3 ("Congress did not provide a statutory deadline to complete processing or adjudication of visa applications. In fact, 'Congress has given the agencies wide discretion in the area of immigration processing.'"). The Court therefore finds Plaintiffs do not state a claim for mandamus relief as against the State Department.

**D.  There is No Unreasonably Delay in Scheduling K.M.M.'s Interview**

The Court separately concludes the State Department has not unreasonably delayed scheduling K.M.M.'s under the APA.

The APA "imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' and authorizes a reviewing court to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003); *see also* 5 U.S.C. §§ 555(b), 706(1).

To determine whether an agency action is "unreasonably delayed," courts weigh six factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason, (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"); *see also Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (cleaned up).

At the outset, the Court notes that "the passage of time cannot, standing alone, support a claim of unreasonable delay." *Borzouei v. Bitter*, No. 22-CV-872-MMA (KSC), 2022 WL 17682659, at *4 (S.D. Cal. Dec. 14, 2022).  The Court also finds that only the first, third, fourth and fifth factors are relevant here since, as discussed, there is no statutory timetable "for visa application processing" and Plaintiffs have not alleged the State Department has engaged in any impropriety.  *Id.* at *5.

"The first factor considers 'whether the time for agency action has been reasonable.'" *Vaz*, 33 F.4th at 1138 (quoting *Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020)). The first factor is the most important, but no individual factor is determinative. *Id.* Where Congress has not supplied a time period for agency action, as here, the Court looks to caselaw to determine whether an agency's action is unreasonably delayed. *See, e.g.*, *Sarlak v. Pompeo*, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide.").

Plaintiffs argue that the first factor weighs in favor of a finding of unreasonable delay "because the interview of the I-I30 applicant in this case is by no means complex, and because there is no evidence whatsoever that the delay is in any way attributable to Plaintiffs." (Dkt. No. 13 at 5.) Additionally, Plaintiffs argue, under the second factor, that "[t]he Court is not tasked with judging the reasonableness of only half of the processing delay . . . The I-130 case has only been document qualified for two months because of" delay caused by USCIS. (*Id.*)

The Court is not convinced by these arguments. First, Plaintiffs cite no case law supporting the argument that it may attribute USCIS's delay in processing to the State Department when assessing the TRAC factors. Indeed, courts facing similar claims have focused on the earliest point at which the State Department could have scheduled the visa interview. *See Alshawy v. U.S. Citizenship & Immigr. Servs.*, No. CV 21-2206 (FYP), 2022 WL 970883, at *6 (D.D.C. Mar. 30, 2022) (noting that for assessing the first TRAC factor "the relevant period of delay is approximately eighteen months — a period calculated from the earliest possible time that the Embassy could have scheduled the interview."); *see also Poursohi v. Blinken*, No. 21-CV-01960-TSH, 2021 WL 5331446, at *6 (N.D. Cal. Nov. 16, 2021)

(calculating relevant period of delay from time application was "documentarily complete."). The Court will not impute USCIS's delay to the State Department.

Second, the parties both agree that only a few months have elapsed since the State Department could schedule K.M.M.'s consular interview. (*See* Dkt. Nos. 13 at 5; 14 at 6). A matter of months does not constitute unreasonable delay. *See Borzouei*, 2022 WL 17682659, at *5 (finding a four year delay in processing of an I-130 application reasonable given the context of the COVID-19 emergency); *see also Nusrat v. Blinken*, No. CV 21-2801 (TJK), 2022 WL 4103860, at *6 (D.D.C. Sept. 8, 2022) (finding that a "32-month delay . . . does not violate the APA."); *Poursohi*, 2021 WL 5331446, at *6 (finding eighteen month delay in scheduling consular interview for I-130 application to not constitute an unreasonable delay). The first *TRAC* factor thus weighs in favor of Defendants.

"Courts typically consider the third and fifth TRAC factors together, namely the dangers to human health and welfare as well as the nature of the interests prejudiced by the delay." *Najafi v. Pompeo*, No. 19-CV-05782-KAW, 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). The Court does not dispute nor attempt to minimize the emotional suffering Plaintiffs are experiencing due to their separation from K.M.M. Prolonged family separation, particularly between a minor and her parents, weighs these factors in favor of the Plaintiffs. *Id. But see Borzouei*, 2022 WL 17682659, at *5 (acknowledging pain of family separation while also weighing the delay in processing in the context of COVID-19 related health protections).

The fourth TRAC factor, however, weighs in favor of the State Department. "Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain." *Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at

*6 (N.D. Cal. June 16, 2021).  Many families have been impacted by visa processing delays. Ordering the State Department to schedule K.M.M.'s interview would not ameliorate the situation.  "It is not for the Court to determine priority and it would be inappropriate to direct that Plaintiff[s] 'jump the queue.' The State Department has limited resources" and thousands of pending applicants waiting for their interview. *Borzouei*, 2022 WL 17682659, at *7.

In sum, the Court finds the TRAC factors weigh in favor of the State Department and the Court finds that the State Department has not unreasonably delayed K.M.M.'s interview. Accordingly, the Court must DISMISS Plaintiffs' APA claim.

## IV   CONCLUSION

Accordingly, and having considered the Defendants' motion (Dkt. No. 9), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

Dated this 5th day of April, 2023.

David G. Estudillo
United States District Judge